UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERRY PEDERSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-5715** |
| **MARLIN GUSMAN, ET AL** | **SECTION "N"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**.  Upon review of the record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.     Factual Summary**

The plaintiff, Jerry Pederson ("Pederson"), filed this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983 against Orleans Parish Criminal Sheriff Marlin Gusman and other unidentified parties.[1]  Pederson alleges that he was incarcerated in a cell in the House of Detention ("HOD") within the Orleans Parish Prison system ("OPP") at the time of the events that form the basis of this lawsuit.  Specifically, Pederson seeks monetary damages for the alleged untimely

---

[1] The plaintiff is not incarcerated.

evacuation and unsafe conditions of confinement as a result of Sheriff Gusman's negligence during Hurricane Katrina.

**II.     Procedural Background**

On December 20, 2006, this Court issued an Order scheduling a hearing pursuant to *Spears v. McCotter*[2] for April 16, 2007.[3] The Order was mailed to the plaintiff by the Clerk of Court at his address of record. The envelope containing that Order has not been returned as undeliverable.

On April 16, 2007, the Court attempted to contact the plaintiff by telephone at the number he provided to the Court.[4] However, the plaintiff failed to answer the telephone. A recording on his answering machine indicated that his message mailbox was full and could not accept new messages.[5]

On April 17, 2007, the Court issued a Call Docket Order directing the plaintiff to show cause on or before April 25, 2007, why his claims against the defendants should not be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b).[6] This order was mailed to the plaintiff by the Clerk of Court and the envelope has not been returned as undeliverable. The plaintiff has failed to comply with this order or otherwise contact the Court.

---

[2] 766 F.2d 179 (5th Cir. 1985). The purpose of the *Spears* Hearing is to ascertain what it is the prisoner alleges to have occurred and the legal basis for the claims. *Spears*, 766 F.2d at 180. The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e). *Wilson v. Barrientos*, 926 F.2d 480, 481 (5th Cir. 1991).

[3] Rec. Doc. No. 7.

[4] Rec. Doc. No. 9.

[5] The Court made a tape recording of this attempt to reach the plaintiff. The cassette tape is in the custody of the Court Recoding Unit.

[6] Rec. Doc. No. 8.

**III.     Analysis**

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court.  *See* Fed. R. Civ. P 41(b).  A Rule 41(b) dismissal is considered an adjudication on the merits.  *Id.*  In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order.  *See e.g. Silas v. Sears, Roebuck & Co.*, 586 F.2d 382 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976).  In this case, the plaintiff is without counsel and is responsible for the prosecution of his case.

The Clerk of Court sent copies of the Court's Orders to Pederson at the only address he has provided to the Court.  The Uniform Louisiana Local Rules applicable to this Court require that a plaintiff provide the Court with a current address or face dismissal of the case.  *See* L.R. 41.3.1E.

Pederson has not notified the Court of a change of address or provided any other means of contacting him.  He also has failed to make himself available for the scheduled *Spears* Hearing and has failed to reply to the Court's Call Docket Order.  Accordingly, dismissal of Pederson's § 1983 complaint is proper under Fed. R. Civ. P. 41(b) for his failure to prosecute this case.

**IV.     Recommendation**

It is therefore **RECOMMENDED** that Pederson's Title 42 U.S.C. § 1983 complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute under Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal

the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this __11th__ day of _____May_____, 2007.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**